IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACK FLEMING, | ) | Case No. 1:05CV1591 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Ann Aldrich |
| | ) | |
| FORD MOTOR COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | MEMORANDUM AND ORDER |

This is a labor/employment action, originally filed in the Cuyahoga County Court of Common Pleas. The plaintiff is Jack Fleming ("Fleming"), a former employee of Ford Motor Company ("Ford") and a member of United Automobile, Aerospace and Agricultural Implement Workers of America, Local No. 420 ("the Union"). Fleming alleges that he was unjustly terminated by Ford and that the Union failed to properly represent him in his grievance against the company. Now before the court are the dispositive motions filed by Ford (Docket Nos. 9 & 13) and the Union (Docket Nos. 8 & 16). For the following reasons, the court grants these motions and enters summary judgment in favor of all defendants.

**I. Background**

Fleming's complaint (like his subsequent pleadings) contains little in the way of specific information regarding his employment with Ford. However, Fleming has not endeavored to controvert the facts supplied by Ford, which are as follows: Fleming began work as an hourly employee at Ford's Walton Hills Stamping Plant on August 22, 1994. As such, he was a member of the Union and subject to the provisions of the applicable Collective Bargaining Agreement ("CBA") entered into between the

Union and Ford. Fleming's employment continued until October 24, 2003, when he was terminated for "offensive and inappropriate conduct."

Along with its motion for summary judgment, Ford has presented signed affidavits demonstrating that Fleming was to be subject to a disciplinary hearing for absenteeism, failure to follow instructions, and being out of his assigned work area. Fleming's hearing on these matters was held in abeyance, however, when a more serious allegation came to light. Specifically, Ford claims that on October 21, 2003, Fleming was heard to make inappropriate remarks to one Manager, Dan Carocci, concerning sexual behavior with another, Human Resource Manager Arlene Pincus. Fleming allegedly repeated a rumor (twice) to the effect that Pincus was retaliating against Carocci after Carocci refused to engage in cunnilingus with her.

Ford held a hearing on this matter on October 24, 2003. Finding Fleming's behavior to be a direct violation of its Zero Tolerance Policy regarding "potentially offensive actions/comments/objects, such as ... comments with sexual overtones," Ford terminated his employment the same day.

The Union filed a grievance on Fleming's behalf on October 26, 2003. On April 26, 2004, Ford alleges that it agreed to resolve the grievance by reinstating Fleming without back pay, if he agreed to execute an 18-month "all rules" waiver, effectively placing him on probation. Fleming refused to sign this agreement, and decided instead to pursue an appeal, as well as this litigation.

Fleming filed his original complaint in the Cuyahoga County Court of Common Pleas on November 19, 2004. He alleged seven causes of action, including breach of contract, retaliatory discharge under O.R.C. § 4123.90, "harassment and hostile work environment," "violation of public policy," "violation of duty of good faith and fair dealing," intentional infliction of emotional distress,

and promissory estoppel. Ford removed the case to this court, and Fleming subsequently filed a Notice of Voluntary Dismissal Without Prejudice.

On May 9, 2005, Fleming filed this action in the Common Pleas court, stating the same seven causes of action. On June 10, 2005, Ford again removed the matter to this court (*See* Docket No. 1). On August 12, 2005, Fleming filed an amended complaint, in which he added an eighth claim, for violation of § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. In his response to Ford's most recent motion for summary judgment (Docket No. 18), Fleming indicates that he no longer wishes to pursue any of his first seven claims. The court will therefore limit its discussion to the allegations concerning § 301.

## II. Discussion

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir.2004).

If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> [a]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position.  *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this court must view the evidence in a light most favorable to the nonmoving party.  *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000).  A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 248.  Determination of whether an issue is "genuine" requires consideration of the applicable evidentiary standards.  Thus, in most civil cases, the court must decide whether the evidence is such that "reasonable jurors could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law."  *Id.* at 252.

Ford argues that it is entitled to summary judgment in its favor because no genuine issue of material fact exists with regards to Fleming's remaining § 301 claim.  Fleming's eighth (LMRA) allegation consists solely of his contentions that Ford terminated him "in violation of the CBA," and that the Union failed to represent him fairly "pursuant to the CBA."  The court agrees that these statements are insufficient to survive a motion for summary judgment.

By contrast, the court finds that both defendants, Ford and the Union, have carried their initial burden to demonstrate the absence of any genuine issue of material fact.  In its pleadings and supporting affidavits, Ford outlines facts sufficient to show that, far from acting in violation of the CBA, it terminated Fleming in accordance with the procedures contained therein, for a violation of a clearly-stated Zero Tolerance Policy regarding sexual remarks.  Similarly, the Union has submitted facts and

argument tending to show that Fleming neither participated fully in the grievance process nor exhausted his intra-union remedies before filing suit.  The latter showing is a threshold requirement for maintenance of an action for breach of the duty of fair representation.  *See Clayton v. Internationall Union*, *UAW*, 451 U.S. 679 (U.S. 1981); *Anderson v. Ideal Basic Industries*, 804 F.2d 950 (6th Cir. 1986); *Monroe v. International Union, UAW*, 723 F.2d 22 (6th Cir. 1983).

The defendants have therefore succeeded in shifting the burden back to Fleming to demonstrate the existence of a material dispute.  The court finds that Fleming has not carried this burden.  Instead, Fleming's opposition to Ford's motion contains nothing more than a restatement of his previous arguments, including a nonspecific and unsubstantiated allegation that "similarly situated employees" were treated differently when seeking reinstatement.  Fleming's opposition is  therefore a precise example of "rest[ing] upon the mere allegations or denials of the adverse party's pleading," and is deemed insufficient to survive a motion for summary judgment by Rule 56(e).

Fleming's opposition to the Union's motion consists of an argument that he has "essentially exhausted" his intra-union remedies, and a plea for an exception to the exhaustion requirement under *Clayton*.  In *Clayton*, the Supreme Court held that a court has discretion to grant such exceptions if it finds that

> union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim ... the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks ... [or] exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.

451 U.S. at 689.

Fleming argues for an exception solely based on the "unreasonable delay" portion of this language, but fails to offer any evidence that the Union's practices have caused such a delay.  By

contrast, the Union's pleadings and affidavits contain ample evidence of Fleming's contumacious conduct, which has disrupted scheduled grievance hearings and necessitated their rescheduling. The court therefore finds that Fleming has failed to carry his burden to demonstrate the existence of a material dispute regarding his claims against the Union, and that a reasonable jury could not find in his favor by a preponderance of the evidence.

### III. Conclusion

For the foregoing reasons, the court hereby grants both outstanding motions for summary judgment (Docket Nos. 13 & 16), and enters judgment in favor of all defendants. The previous motions (Docket Nos. 8 & 9) are denied as moot, having been superseded by the later motions, and by Fleming's amended complaint.

This order is final and appealable.

IT IS SO ORDERED.

          /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated: January 26, 2006